***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Holmes and the brief before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Deputy Commissioner Holmes with minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. Plaintiff, Jimmy D. Rios, has been in the care and custody of the defendant since 1986.
2. In this State Tort Claims action, plaintiff alleges that employees or agents of defendant committed acts of medical malpractice in providing treatment for his heart condition(s) on or about November of 2000. At the hearing before Deputy Commissioner Holmes, plaintiff alleged the medical malpractice of nurses and general physicians employed by defendant. On plaintiff's amended Tort Claim Affidavit dated March 19, 2003, plaintiff named "medical staff" as the negligent employees as well as Dr. Paula C. Adkins, an emergency physician who worked at First Health Montgomery Memorial Hospital in November of 2000 and allegedly treated plaintiff.
3. On April 9, 2003, defendant filed a Motion to Dismiss for plaintiff's failure to have an affidavit from a medical expert as required by Rule 9(j) of the North Carolina Rules of Civil Procedure.
4. Deputy Commissioner Philip Baddour III filed an Interlocutory Decision and Order on October 29, 2004, giving plaintiff an opportunity to comply with Rule 9(j).
5. Defendant appealed the Interlocutory Decision and Order filed by Deputy Commissioner Baddour, but that appeal was deemed improper by an Order filed by the Full Commission on February 8, 2006.
6. At the hearing on August 21, 2008 before Deputy Commissioner Holmes, plaintiff claimed he had suffered three heart attacks in November of 2000 and that the nurses, employed by the defendant, read plaintiff's test results and told plaintiff that nothing was wrong with his heart. *Page 3 
7. In addition, plaintiff also presented an affidavit from a general physician who lives and works in Georgia dated March 19, 2005. The affidavit purported to state that the medical care provided by defendant's staff fell below the applicable standard of care.
8. Defendant renewed its Motion to Dismiss on the basis that the affidavit was dated after the expiration of the one hundred and twenty (120) day time period provided by Rule 9(j) and that a general physician would not be an appropriate medical expert in this matter.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12
shall be dismissed unless:
 (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is *Page 4 
willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
3. Rule 9(j) also specifies that any presiding judge may allow a time period of one hundred and twenty (120) days so that a plaintiff may have an opportunity to comply with this rule. See North Carolina Rules of Civil Procedure, Rule 9(j)(3). The one hundred and twenty (120) day time period is the maximum amount of time a plaintiff may be allotted in order to comply with Rule 9(j). See North Carolina Rules of Civil Procedure, Rule 9(j)(3).
4. While Deputy Commissioner Baddour's Interlocutory Decision and Order failed to specifically state how long plaintiff had to try to secure an affidavit from a medical expert, the maximum time period prescribed by Rule 9(j) is one hundred and twenty (120) days.
5. Thus, plaintiff had until February 28, 2005 to provide an affidavit from a medical expert. The affidavit presented by plaintiff at trial was dated March 19, 2005, which is well after the one hundred and twenty (120) day time frame prescribed by Rule 9(j).
6. As such, plaintiff failed to provide an affidavit from a medical expert within the requisite time period. Therefore, plaintiff failed to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following: *Page 5 
 ORDER
1. Plaintiff's above captioned tort claim is DISMISSED WITH PREJUDICE for failure to time comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.
2. No costs are taxed to plaintiff as plaintiff was permitted to file this civil action in forma pauperis.
This the 23rd day of March, 2009.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER